1  Nicholas J. Ferraro (State Bar No. 306528)
2  Lauren N. Vega (State Bar No. 306525)
   Ferraro Vega Employment Lawyers, Inc.
3  3333 Camino del Rio South, Suite 300
4  San Diego, California 92108
   (619) 693-7727 main / (619) 350-6855 fax
5  nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Gabriel Gonzalez*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL GONZALEZ, on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JELD-WEN, INC.,<br><br>Defendants. | Case No. 3:24-cv-01116-JO-VET<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. Minimum Wage Violations (Labor Code §§1194, 1197, and 1198)<br>2. Failure to Pay All Overtime Wages (Labor Code §§ 510, 1194, and 1198)<br>3. Meal Period Violations (Labor Code § 226.7)<br>4. Rest Period Violations (Labor Code § 226.7)<br>5. Paid Sick Leave Violations (Labor Code § 246 *et seq.*)<br>6. Unpaid Vacation Wages (Labor Code §201, 202, 227.3)<br>7. Untimely Payment of Wages (Labor Code § 204 *et seq.*)<br>8. Wage Statement Violations (Labor Code § 226)<br>9. Waiting Time Penalties (Labor Code § 203)<br>10. Unreimbursed Business Expenses (Labor Code § 2802)<br>11. Unfair Competition (Bus. & Prof. Code § 17200 *et seq.*) |

Plaintiff GABRIEL GONZALEZ, on behalf of all others similarly situated ("Plaintiff") files this FIRST AMENDED CLASS ACTION COMPLAINT against Defendants JELD-WEN, INC. (collectively "Defendants"), alleging as follows:

## INTRODUCTION

1. This is a class action regarding Defendant's wage and hour violations.

2. Defendant is a corporation that designs, produces, and distributes interior and exterior doors, windows, and other building products.

3. Defendant failed to compensate Plaintiff and Class Members for all hours worked at the lawful minimum wage, due to Defendant's routine practice of encouraging Plaintiff and Class Members to complete work while off-the-clock.

4. Defendant underpaid Plaintiff and Class Members' wages by failing to include all forms of remuneration, including nondiscretionary bonuses, in their hourly overtime, sick pay, and premium rates, resulting in underpayments of wages.

5. Defendant did not reimburse Plaintiff and Class Members for necessary expenses incurred in furtherance of their job duties.

6. Defendant's employment policies and practices, as well as their payroll administration systems, enabled and facilitated these violations on a company-wide basis with respect to Plaintiff and Class Members.

7. Plaintiff seeks to recover the underpaid damages, plus associated penalties, interest, attorney's fees and costs.

## JURISDICTION & VENUE

8. This case was removed to this Court under the Class Action Fairness Act and Plaintiff reserves all rights to remand this action based on lack of jurisdiction based upon proof and in accordance with applicable law.

## PARTIES

**A.  Plaintiff Gabriel Gonzalez**

13.  Plaintiff Gonzalez is an individual over 18 years of age who worked for Defendants in California as a non-exempt employee from about August 2019 to March 2024.  Plaintiff worked as a Group Lead.

**B.  Defendants**

14.  Throughout the respective statutory periods, Defendant was the legal employer of Plaintiff and Class Members.

15.  Defendant Jeld-Wen, Inc. is a Delaware corporation that maintains operations and conducts business throughout the State of California, including in this county.

16.  Plaintiff is informed, believes, and alleges that during the previous four year period, including within the past two and three year statutory periods respectively, Defendants have employed Class Members throughout the United States, including but not limited to California.

17.  Upon information and belief, Defendant is an employer, co-employer, joint employer, and/or part of an integrated employer enterprise, as it exercised control over the wages, hours, and working conditions of the employees, suffered and permitted them to work, and otherwise engaged them as employees under state and federal laws.

18.  Upon information and belief, Defendant acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

## CLASS ALLEGATIONS

19.  Plaintiff brings the First through Eleventh Causes of Action individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules

of Civil Procedure to recover unpaid wages, unpaid premiums, penalties, and other damages related to Defendant's violations of the California Labor Code and IWC Wage Orders.

20. Plaintiff pursues the requested relief on behalf of the following "California Class."

    a. All current and former non-exempt employees who worked for Defendants in California at any time from four years (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through date of class certification (hereinafter, the "California Class Members" or "California Class" and the "California Class Period").

21. Plaintiff reserves the right to establish various subclass definitions as appropriate at the class certification stage, according to proof.

22. The class is ascertainable and shares a well-defined community of interest in this litigation:

    b. <u>Numerosity</u>: The class is estimated to exceed 50 individuals, although the precise membership of the entire class is unknown at this time. The class is so numerous that joinder of all Class Members is impracticable. The identities of Class Members are ascertainable by inspection of Defendants' employment and payroll records.

    c. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the other Class Members. They were subject to the same policies and practices of Defendants, which resulted in losses to the class. Proof of common unlawful business practices, which Plaintiff experienced, will establish the right of the class to recover on the causes of action alleged herein.

d. <u>Adequacy</u>: Plaintiff is an adequate class representative; will take all necessary steps to protect the Class Members' interests adequately and fairly; has no interest antagonistic to other Class Members; and is represented by attorneys who have substantial experience prosecuting, defending, resolving, and litigating wage and hour class, collective, and representative actions in California state and federal courts.

e. <u>Superiority</u>: A class action is superior to other means for adjudicating this dispute. Individual joinder is impractical. Class treatment will allow for common issues to be resolved in a single forum, simultaneously, and without duplication of effort and expense.

f. <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action advances the State of California's strong public interest in ensuring its approximately millions of employed residents are properly paid the wages they earned for the hours they worked. Class actions provide a mechanism for enforcement of labor laws and allow for vindication of employee rights by unnamed Class Members.

23. Common questions of law and fact as to the Class Members predominate over questions affecting only individual members. The common questions of law and fact exist as to whether the employment policies and practices formulated by Defendants and applied to the Class Members constitute violations of California law.

## GENERAL ALLEGATIONS

24. Plaintiff and Class Members worked for Defendant as non-exempt employees and were compensated on an hourly basis.

25. Defendant repeatedly underpaid Plaintiff and Class Members by encouraging employees to work off-the-clock, without compensation.

26. Specifically, Plaintiff alleges that Defendant maintained a strict policy that all employees were required to clock in on time. However, Defendant only provided limited clock in machines for all employees. Therefore, Plaintiff and the Class Members were required to wait in line for approximately two to three minutes each shift before they could clock in. Defendant failed to account for the time Plaintiff and the Class Members spent waiting to clock in. Additionally, Plaintiff and Class Members frequently completed work during their meal periods, while they were off the clock, without compensation, as discussed below.

27. Plaintiff also alleges that he and other Class Members noticed discrepancies in their wage statements that showed less hours worked than they had completed. Upon information and belief, Plaintiff and Class Members' hours were not accurately adjusted to reflect all hours they had worked despite bringing this to their managers' attention, resulting in unpaid wages. Defendant's failure to account for all off-the-clock hours resulted in work over 8 hours in a day or over 40 hours in a week, this resulted in unpaid overtime.

28. Due to Defendant's failure to record all the off the clock time Plaintiff and Class Members worked as explained above, Defendant failed to credit Plaintiff and Class Members with all sick leave time they had accrued because the off the clock hours were not included when calculating sick leave accrual. Therefore, Plaintiff and Class Members were not paid all accrued, paid sick leave wages. This is because the number of hours used for the accrual did not include all hours worked, resulting in depreciated accrued hours.

29. Moreover, due to understaffing, employee responsibilities, and the continuous flow of business, Plaintiff and Class Members suffered many short, missed, late, and/or interrupted meal and rest periods. On the occasions that Plaintiff and Class

Members took meal and rest periods, they were interrupted by job duties because they were often required to complete administrative tasks or safety inspections during their breaks. Further, Defendant instructed Plaintiff and Class Members to carry walkie-talkies during their meal and rest periods to ensure they were available and up to date on work-related matters. Defendant expected Plaintiff and Class Members to respond immediately to the messages communicated through the walkie-talkies. As a lead, Plaintiff was expected to be readily available to answer questions from other employees even if he was not the main contact for the inquiry. Further, Plaintiff was expected to oversee employees on the line to ensure that he was aware of the work they were all doing and that it was being completed. Plaintiff was also expected to answer calls from managers to discuss materials while on his meal break. Plaintiff estimates that his meal breaks were interrupted by those calls at least two times per meal period.

30. Additionally, Defendant expected Plaintiff and Class Members to meet production targets so they would often miss breaks to ensure the work was completed. This was a common occurrence due to short-staffing that required Plaintiff and Class Members to complete the work of two people during a shift. Plaintiff would not even have time to take a rest break to go to the restroom. Further, due to the demands of the job, Plaintiff would not have time to complete issue reports until he was on his meal or rest break. Similarly, if Plaintiff was taking a meal or rest break, but there was a jam on a line, he was expected to end his break and assist other employees with resolving the issue. Therefore, he did not enjoy uninterrupted meal or rest breaks. As such, Plaintiff and Class Members were often unable to take a full thirty-minute, uninterrupted meal period or full ten-minute, uninterrupted rest periods.

31. Defendant did not pay Plaintiff and Class Members due premiums for these deficient meal or rest periods. However, to the extent Defendant paid any premiums, these premiums were underpaid because Plaintiff alleges that Defendant failed to factor

in all additional non-excludable remuneration into the "regular rate of pay" when calculating premium payments.

32. In addition to their hourly wages, Plaintiff and Class Members earned other forms of non-discretionary remuneration, including referral and vaccination incentive bonuses. However, when Defendant paid overtime to Plaintiff and Class Members, Defendant failed to include the employees' additional remuneration into the overtime calculation.

33. For example, during the pay period from January 30, 2022, to February 12, 2022, Plaintiff earned $660.00 in Referral and Vaccination bonuses. However, Defendant did not factor that amount into his overtime pay. Rather, Defendant paid Plaintiff overtime wages at a rate of $40.16 or 1.5 times his base hourly rate of $26.77.

34. Likewise, Defendant failed to include non-discretionary remuneration, including referral and vaccination incentive bonuses, when paying paid sick leave in the same pay period that additional remuneration was earned and when paying departing employees accrued vacation wages.

35. Defendant also required Plaintiff and Class Members to incur necessary, work-related costs, without reimbursement. Specifically, Plaintiff and Class Members were required to use their personal cellphones for work-related purposes without reimbursement. For example, Plaintiff and Class Members were required to use their personal cellphone to scan QR codes and complete Safety Improvement Opportunities ("SIOS"). Class Members were also required to scan a QR code on their personal phones to complete manager reviews. Additionally, Plaintiff had to use his personal cellphone to update work instructions that were out of date. This included taking pictures of tools, procedures, and employees physically using the equipment to show how to use the equipment properly. Further, Plaintiff was required to use his personal cellphone to communicate with coworkers and to communicate any sudden scheduling issues with management. In direct consequences of their job duties, Plaintiff and Class

Members unavoidably and necessarily incurred these losses, expenditures, and costs as a matter of policy and practice.

36. Because of these violations described above, Defendant failed to provide accurate itemized wage statements to Class Members that included the accurate gross or net wages earned, as the employees earned regular, overtime, premiums, and sick leave which were not paid at the lawful rate. Likewise, overtime, sick, and premium wages were paid at inaccurate hourly wage rates (*i.e.* the base rate or a multiple of the base rate for overtime instead of the regular rate) which violates the wage statement requirement to include the correct hourly rate in effect each pay period along with the correct number of hours.

37. Defendant violated Labor Code § 226(a)(2) by failing to list employees "total hours worked," as the wage statements did not accurately include the uncompensated time worked due to Defendant's policy and practice of editing time records and requiring off-the-clock work.

38. These violations create derivative liability for failure to pay all wages owed each payday or upon separation of employment.

39. As a result of the forgoing violations, Defendant also failed to timely pay all wages as they were due to Plaintiff and Class Members while they were employed and also failed to timely pay all wages due to Plaintiff and Class Members at their separation of employment.

## FIRST CAUSE OF ACTION
## MINIMUM WAGE VIOLATIONS
## Violation of Labor Code §§ 1194, 1194.2 and 1197
**(All Claims Alleged by Plaintiff and Class Members Against All Defendants)**

38. All outside paragraphs of this Complaint are incorporated into this section.

39. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage

Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), which require non-exempt employees be timely paid at least the state or local minimum wage (if higher) for each hour of work, and further provide a private right of action for an employer's failure to pay all minimum wages (plus liquidated damages).

40. Defendant willfully failed in their affirmative obligation to pay Plaintiff and Class Members at least the lawful minimum wage for each hour worked in violation of Labor Code sections 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), including payment at the lawful local and county minimum wage ordinances in effect. As a result, Defendant is liable for all associated damages, including liquidated damages for the minimum wage violations pursuant to Labor Code § 1194.2.

41. Defendant's unlawful acts and omissions deprived Plaintiff and Class Members of minimum, regular and overtime wages in amounts to be determined at trial. Plaintiff and Class Members are entitled to recover the full amount of the unpaid wages, plus liquidated damages in an amount equal to the wages unlawfully unpaid (and interest thereon), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code sections 1194 and 1194.2.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY ALL OVERTIME WAGES
### Violation of Labor Code §§ 510 and 1194

44. All outside paragraphs of this Complaint are incorporated into this section.

45. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a

private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

46. Defendants failed in their affirmative obligation to pay Plaintiff and Class Members no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for such hours worked, in violation of Labor Code sections 204, 510, 558, 1194, and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

47. Plaintiff and Class Members are entitled to recover the full amount of the unpaid overtime, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## THIRD CAUSE OF ACTION

## MEAL PERIOD VIOLATIONS

## Violation of Labor Code §§ 226.7 and 512

48. All outside paragraphs of this Complaint are incorporated into this section.

49. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7, 558 and 512, which require non-exempt employees be provided complaint meal periods (or meal period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all meal periods and/or pay meal period premiums at the lawful regular rate of compensation.

50. Defendants willfully failed in their affirmative obligation to consistently provide Plaintiff and Class Members compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code sections

226.7, 512, 558, 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

51. Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and Class Members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was not provided, in violation of Labor Code sections 226.7, 512, 558, and 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

52. Plaintiff and Class Members are entitled to recover the full amount of the meal period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## FOURTH CAUSE OF ACTION

## REST PERIOD VIOLATIONS

### Violation of Labor Code §§ 226.7 and 516

53. All outside paragraphs of this Complaint are incorporated into this section.

54. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7 and 516, which require non-exempt employees be authorized to take complaint rest periods (or rest period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all rest periods and/or pay rest period premiums at the lawful regular rate of compensation.

55. Defendants willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff and Class Members to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders (the "Rest Periods" sections of the applicable orders).

56. Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and Class Members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest

period was not provided, in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders.

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY ALL PAID SICK LEAVE WAGES

### Violation of Labor Code §§ 200, 218, 246 *et seq.*

57. All outside paragraphs of this Complaint are incorporated into this section.

58. Defendants knowingly and intentionally failed in their affirmative obligation to pay sick leave wages to Plaintiff and a paid sick leave subclass in violation of Labor Code section 246 *et seq.* Paid sick leave earnings constitute wages for purposes of California wage and hour law. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 ["Courts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay"].)

59. Labor Code section 246(l), in conjunction with Labor Code section 248 *et seq.*, 248.1, 248.2, and 248.6, in addition to the applicable County sick pay ordinances in locales worked by Class Members, govern how Defendants were required to calculate paid sick leave.

60. Defendants failed to pay Plaintiff and Class Members their paid sick leave wages at one of the lawful rates set forth in the statute or ordinance because Defendants failed to include in their sick leave calculation the additional remuneration received by Plaintiff and Class Members (i.e., at the regular rate of pay and/or calculated based on total wages earned).

61. Furthermore, to the extent the paid sick leave paid constitutes Covid-related paid sick leave, Defendants knowingly and intentionally failed in their affirmative obligation to pay Covid-19 Supplemental Sick Leave wages to Class Members at the correct accrual rate or hourly pay rate in violation of Labor Code sections 246, 248.1, 248.2, and 248 *et seq.*

- 12 -
FIRST AMENDED CLASS ACTION COMPLAINT
*Gonzalez v. Jeld-Wen, Inc.*

62. As a result, Defendants violated the Labor Code and are liable to Plaintiff and Class Members for underpaid sick leave wages, in addition to interest, attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION

## UNPAID VACATION WAGES

**Violation of Labor Code §§ 201, 202, 203, and 227.3 and 1194, and 1198**

63. All outside paragraphs of this Complaint are incorporated into this section.

64. This cause of action is brought by an unpaid vacation wages subclass pursuant to Labor Code §§ 200, 201, 202, 203, and 227.3 and 1194, and 1198, which require non-exempt employees be timely paid all vested vacation wages at their final rate of pay upon separation of employment, and which further provide a private right of action for an employer's timely failure to pay all vacation compensation upon termination.

65. Defendants offered Plaintiff and Class Members an employment contract or policy providing for the accrual of vacation and/or paid time off. Plaintiff and Class Members accrued vacation and/or PTO pursuant to the contract or policy.

66. Upon separation of Plaintiff and Class Members, Defendants willfully failed in their affirmative obligation to timely pay Plaintiff and Class Members all accrued but unused vacation at their final rate during their employment with Defendants, in violation of Labor Code sections 201(a), 202(a), and 227.3.

67. Plaintiff and Class Members are entitled to recover the full amount of the accrued vacation wages owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## SEVENTH CAUSE OF ACTION

## UNTIMELY PAYMENT OF WAGES

**Violation of Labor Code §§ 204, 210, 218**

68. All outside paragraphs of this Complaint are incorporated into this section.

69. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation. Labor Code § 218 authorizes individuals to sue directly for wages and penalties due under these sections, including Labor Code § 210(c)'s statutory late payment penalties.

70. Defendants willfully failed in their affirmative obligation to timely pay all wages, including paid sick leave and meal and rest premiums, earned by Plaintiff and Class Members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for weekly employees, if any, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

71. Plaintiff and Class Members are entitled to recover the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## EIGHTH CAUSE OF ACTION

## WAGE STATEMENT VIOLATIONS

### Violation of Labor Code § 226

72. All outside paragraphs of this Complaint are incorporated into this section.

73. This cause of action is brought by a wage statement subclass pursuant to Labor Code § 226(a) which requires non-exempt employees be provided accurate itemized wage statements each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

74. Defendants knowingly and intentionally failed in their affirmative obligation to provide accurate itemized wage statements to Plaintiff and Class Members resulting in injury to Plaintiff and Class Members. Specifically, the wage statements issued to Plaintiff and Class Members did not accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

75. Defendants' unlawful acts and omissions deprived Plaintiff and Class Members of accurate itemized wage statements, causing confusion and concealing wage and premium underpayments.

76. As a result, Plaintiff and Class Members are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate penalty of $4,000 per employee, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 226(e).

## NINTH CAUSE OF ACTION
## WAITING TIME PENALTIES
### Violation of Labor Code §§ 201 *et seq*.

77. All outside paragraphs of this Complaint are incorporated into this section.

78. This cause of action is brought by a waiting time subclass pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of employment, and which further provide a private right of action to recover statutory waiting time penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days wages.

79. Defendants willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and Class Members immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to

quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

80. Plaintiff and Class Members are entitled to recover a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## TENTH CAUSE OF ACTION
## FAILURE TO REIMBURSE BUSINESS EXPENSES
### Violation of Labor Code § 2802

81. All outside paragraphs of this Complaint are incorporated into this section.

82. Defendants willfully failed in their affirmative obligation to reimburse Plaintiff and a reimbursement subclass for all necessary expenditures, losses, expenses, and costs incurred by them in direct discharge of the duties of their employment, in violation of Labor Code section 2802.

83. Defendants' unlawful acts and omissions deprived Plaintiff and Class Members of lawful reimbursements for business expenses in amounts to be determined at trial. Plaintiff and Class Members are entitled to recover the amount unreimbursed expenses of Plaintiff and Class Members in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2802.

## ELEVENTH CAUSE OF ACTION
## UNFAIR COMPETITION
### Violation of Business and Professions Code §§ 17200 *et seq.*

84. All outside paragraphs of this Complaint are incorporated into this section.

85. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and Professions Code § 17200 by committing the foregoing wage and hour violations alleged throughout this Complaint.

- 16 -
FIRST AMENDED CLASS ACTION COMPLAINT
*Gonzalez v. Jeld-Wen, Inc.*

86. Defendants' dependence on these unfair and/or unlawful business practices deprived Plaintiff and continue to deprive other Class Members of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Defendants over competitors who have been and/or are currently employing workers in compliance with California's wage and hour laws. These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200 *et seq*.

87. Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiff, as an individual and on behalf of others similarly situated, seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

88. Plaintiff does not have an adequate remedy at law for past or future violations, to the extent the statute of limitations on each of the alleged causes of action do not extend to the four-year limitation provided under the UCL and/or to the extent the underlying Labor Code and IWC Wage Order violations do not provide a private right of action.

89. Plaintiff and Class Members are entitled to injunctive relief against Defendants, restitution, and other equitable relief to return all funds over which Plaintiff and Class Members have an ownership interest and to prevent future damage and the public interest under Business and Professions Code § 17200 *et seq*. Plaintiff and Class Members are further entitled to recover interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

## **PRAYER**

Plaintiff prays for judgment as follows:

a. For certification of this action as a class action;

b. For appointment of Plaintiff as the class representative;

c.  For appointment of above-captioned counsel for Plaintiff as Class Counsel;

d.  For division of Class Members into appropriate classes and/or subclasses according to proof;

e.  For recovery of all statutory penalties and liquidated damages;

f.  For disgorgement of all amounts wrongfully obtained to the extent permitted by law;

g.  For restitution and injunctive relief;

h.  For attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under Labor Code §§ 218.5, 226, 1194, 2802 and Code of Civil Procedure § 1021.5.

i.  For recovery of damages in amount according to proof;

j.  For all recoverable pre- and post-judgment interest;

k.  For such other relief the Court deems just and proper.

Dated: August 14, 2024

Respectfully submitted,

**Ferraro Vega Employment Lawyers, Inc.**

By: <u>s/ Nicholas J. Ferraro</u>
Nicholas J. Ferraro
*Attorneys for Plaintiff*